Marie **CHALOUX**; Nancy Morgan, and Clarence Paine, individually and on behalf of all others similarly situated, Plaintiffs–Appellants,

v.

Vaughn **KILLEEN**, in his official capacity as Sheriff of Ada County, State of Idaho; Robert Aja, in his official capacity as Sheriff of Gooding County, State of Idaho, and on behalf of all other County Sheriffs of the State of Idaho, similarly situated, Defendants–Appellees.

No. 88–3563.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 1989.

Decided May 1, 1989.

---

Howard A. Belodoff, Idaho Legal Aid Services, Inc., Boise, Idaho, for plaintiffs-appellants.

Phillip Collaer, Deputy Pros. Atty., Boise, Idaho, for defendants-appellees.

Before WRIGHT and ALARCON, Circuit Judges, and TEVRIZIAN *, District Judge.

EUGENE A. WRIGHT, Circuit Judge:

We consider here whether county sheriffs are liable under 42 U.S.C. § 1983 for enforcing state garnishment statutes that are allegedly unconstitutional.

Appellants Marie Chaloux, Nancy Morgan, and Clarence Paine subsist on government benefits exempt by federal statute from garnishment. Those benefits are deposited directly into their bank accounts.

In unrelated actions, creditors obtained default judgments against each appellant. Appellee sheriffs served post-judgment writs of execution and garnishment on the banks holding each account. None of the appellants received notice of the garnishments or of their right to claim exemptions. Morgan and Chaloux succeeded eventually in claiming exemptions. Paine did not and creditors obtained all funds in his account.

Appellants sued the sheriffs for declaratory and injunctive relief under 42 U.S.C. § 1983. The district court dismissed by summary judgment. We affirm.

I

██ The sheriffs are not liable under § 1983 for their role in enforcing the garnishment statutes. Appellants sued the sheriffs in their official capacity and argued that the county is the real party in interest. Appellants have failed to demonstrate that county officials adopted a policy that caused their injuries.

To hold a county liable in an official capacity suit, appellants must establish that an official county policy caused their injuries. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978). Official county policy may be set only by an official with "final policymaking authority." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483, 106 S.Ct. 1292, 1300, 89 L.Ed. 2d 452 (1978). To identify those officials with "final policymaking authority" we look to state law. *Id.* In *St. Louis v. Praprotnik*, 485 U.S. 112, 108 S.Ct. 915, 924–25, 99 L.Ed.2d 107 (1988), the Supreme Court reemphasized that "we can be confident that state law ... will always direct a court to some official or body that has responsibility for making law or setting policy." *See Davis v. City of Ellensburg*, 869 F.2d 1230, 1234–35 (9th Cir.1989); *Gobel v. Maricopa County*, 867 F.2d 1201, 1205 (9th Cir.1989); *Hammond v. County of Madera*, 859 F.2d 797, 802 (9th Cir.1988);

* Of the Central District of California.

*Lake Nacimiento Ranch Co. v. San Luis Obispo County*, 841 F.2d 872, 879 (9th Cir.1987), *cert. denied*, —— U.S. ——, 109 S.Ct. 79, 102 L.Ed.2d 55 (1988). Here we look to Idaho law to determine whether the sheriffs have final policymaking authority.

Idaho's garnishment statutes delegate no policymaking authority to the sheriffs. Idaho Code §§ 8–507 to 8–523 (1973 and Supp.1988). The statutes outline specifically the sheriffs' role in the process, with no language conferring discretion on them. The statutes grant only a ministerial role to the county sheriffs.

In spite of the nondiscretionary language of the garnishment statutes, appellants contend the sheriffs exercised policymaking authority. They claim the notice provisions of the statutes are constitutionally deficient. They note that those statutes do not forbid the sheriffs from giving constitutionally required notice. They claim that the sheriffs chose deliberately not to supplement the notice provisions of the statute and that the choice constituted county policy.

■ We reject appellants' argument and hold that the sheriffs did not subject themselves to § 1983 liability by obeying the statutory mandate. The sheriffs did not make policy by performing ministerial acts in enforcing state law. A different ruling would be inconsistent with the rationale behind the requirement of an official county policy. The Supreme Court imposed the requirement "to prevent the imposition of municipal liability under circumstances where no wrong could be ascribed to municipal decision makers." *Oklahoma City v. Tuttle*, 471 U.S. 808, 821, 105 S.Ct. 2427, 2435, 85 L.Ed.2d 791 (1985). The sheriffs here committed no wrong by not discovering that an act of the legislature was constitutionally deficient. We will not hold the county responsible for the errors of the state legislature.

This case is distinguishable from *Gobel v. Maricopa County*, 867 F.2d 1201 (9th Cir.1989). In *Gobel* we held that a county attorney was carrying out county policy by implementing a program mandated by a state statute. That statute assigned discretion to the county attorney, charging him with developing and administering a "deferred prosecution program." *Id.* at 1206 n. 14. Here, in contrast, the Idaho garnishment statutes confer no discretion on the sheriffs. Their role is entirely ministerial.

We join other circuits in holding that county officials are not liable under § 1983 for performing a ministerial role in enforcing state law. In *Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir.1980), the Fifth Circuit considered the liability of a county judge performing ministerial duties in enforcing a state statute. That court noted:

> [The judge's duties] in implementing § 4.28, much like that of a county sheriff in enforcing state law, may more fairly be characterized as the effectuation of the policy of the state of Texas embodied in that statute for which the citizens of a particular county should not bear singular responsibility.

We adopt the reasoning of *Briscoe*. The sheriffs are not liable for performing ministerial duties under state law.

At oral argument appellants relied on *Finberg v. Sullivan*, 634 F.2d 50 (3d Cir. 1980). In *Finberg*, the appellant sued a county sheriff and a prothonotary in their official capacities under § 1983, seeking to declare certain garnishment statutes unconstitutional. The court held the sheriff was a proper defendant. We find *Finberg* distinguishable. There the court found the sheriff to be a *state* official. *Id.* at 53–55. Because the court considered the state to be the real party in interest, it did not apply the *Monell* requirement to establish county liability.

In contrast to *Finberg*, appellants here have not argued that the county sheriffs are state officials. Instead, they argue that the county is the real party in interest and that a county policy caused their injuries. Although we do not decide the issue, we note that we have found nothing in Idaho law that suggests the sheriffs should not be treated as county officials. We hold that the county is not liable under § 1983.

## II

Appellants also contend that the district court abused its discretion by not ruling on its motion for class certification and by not allowing appellants leave to amend their complaint to add other parties. These contentions are moot in light of our holding.

AFFIRMED.